1

2

3

4

5

6

7

8

9

JS-6

UNITED STATES DISTRICT COURT

10

CENTRAL DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

| SANG SOOK HONG, an individual, | ) | CASE NO. CV 17-5729-R |
|---|---|---|
| Plaintiff, | ) ) | ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT |
| v. | ) ) | JUDGMENT |
| CARA USA, INC., a California corporation; et al., | ) ) ) | |
| Defendants. | ) ` | |

18      Before the Court is Plaintiff's Application for Default Judgment against Defendant

19   Paperdoll Wholesale ("Paperdoll"), filed on January 17, 2018.  (Dkt. 46).  This Court took the

20   matter under submission on February 14, 2018.

21      It is within a court's discretion to enter default judgment.  *Eitel v. McCool,* 782 F.2d 1470,

22   1471 (9th Cir. 1986).  "A default judgment must not differ in kind from, or exceed in amount,

23   what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).  A court may enter default judgment

24   upon a party's application when the nonmoving party fails to defend itself.  Fed. R. Civ. P. 55(a).

25   The court may conduct an investigation and accounting into the damages or any other matter.  Fed.

26   R. Civ. P. 55(b)(2).  To obtain default judgment, a party must first receive an entry of default by

27   the clerk.  The party seeking default judgment must also state: (a) when and against what party the

28   default was entered; (b) the identification of the pleading to which default was entered; (c)

whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) that the Servicemembers Civil Relief Act does not apply; and (e) that notice has been served on the defaulting party, if required.  C.D. Cal. R. 55-1.

Here, Plaintiff is not requesting damages different from or greater than those requested in the Complaint.  The Clerk entered default against Paperdoll on November 7, 2017.  (Dkt. 23). Plaintiff satisfied the requirements of Local Rule 55-1.  Therefore, Plaintiff has satisfied the procedural requirements necessary for the entry of default judgment.

The Ninth Circuit has articulated the following factors for courts to consider in determining whether default judgment should be granted: (1) the sufficiency of the complaint; (2) the merits of the plaintiff's substantive claim; (3) the possibility of prejudice to the plaintiff if relief is denied; (4) the possibility of dispute as to any material facts; (5) whether default resulted from excusable neglect; (6) the strong policy of the Federal Rules of Civil Procedure favoring decisions on the merits; and (7) the amount of money at stake.  *Eitel*, 782 F.2d at 1471-72.  Here, the *Eitel* factors weigh in favor of granting default judgment.

A plaintiff must state a claim upon which he may recover in order for a court to grant a motion for a default judgment.  *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002).  Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).  The complaint is sufficient if it meets the pleading standards of *Iqbal* and *Twombly*.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff sues for copyright infringement and vicarious and/or contributory copyright infringement.  Plaintiff seeks judgment against Paperdoll only as to copyright infringement.

There are two elements to copyright infringement: (1) "ownership of a valid copyright," and (2) "copying of constituent elements of the work that are original."  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  "[A] plaintiff may establish copying by showing that the infringer had access to the work and that the two works are substantially similar."  *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990).

Here, Plaintiff states a claim for copyright infringement.  First, Plaintiff alleges that he owns a valid copyright in the "JMB-1029" design (the "Subject Design").  Second, Plaintiff alleges that Paperdoll had access to the Subject Design through Plaintiff's design library and through third-party vendors that illegally distributed copies of the Subject Design.  Third, Plaintiff alleges that Paperdoll's infringing garment is substantially similar to the Subject Design in color, composition, arrangement, layout, and appearance.  Therefore, Paperdoll's unauthorized reproduction of the Subject Design and its importation, sale, and/or distribution of garments bearing such unauthorized reproduction are violations of Plaintiff's copyright.

If default judgment is not entered against Paperdoll, Plaintiff will be prejudiced to the extent he cannot protect his intellectual property rights.  Despite the strong public policy in favor of deciding cases on the merits, "[Paperdoll's] failure to answer [Plaintiff's] Complaint makes a decision on the merits impractical, if not impossible."  *PepsiCo*, 238 F. Supp. 2d at 1177.  Paperdoll's default is not excusable because it was properly served with a copy of the Summons and Complaint and had ample time to respond.  It has not appeared in this action to offer any excuse for its failure to respond.  Since Plaintiff's factual allegations are presumed true and Paperdoll has failed to answer the Complaint, "no factual dispute exists that would preclude the entry of default judgment."  *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1013 (C.D. Cal. 2014).

Under the Copyright Act, a plaintiff may elect to recover either actual or statutory damages.  17 U.S.C. § 504(c)(1).  "Statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed."  *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1238 (E.D. Cal. 2008).  "If statutory damages are elected, the court has wide discretion in determining the amount of statutory damages to be awarded…."  *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990).  The Court may "impose a liability within the statutory limits to sanction and vindicate the statutory policy."  *Id.* at 1337.  Where the plaintiff does not allege that the copyright violation was willful, the statutory limit on recovery is $30,000.[1]  17 U.S.C. § 504(c)(1).  "[B]ecause awards of statutory damages serve both compensatory and punitive purposes, a plaintiff may recover

[1] While Plaintiff alleges that Paperdoll's infringement was willful such that Plaintiff is entitled to recover up to $150,000 under 17 § U.S.C. 504(c)(2), (Complaint ¶ 20), Plaintiff does not raise this argument in his Application for Default Judgment.

3

statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or the profits reaped by defendant…." *L.A. News Serv. v. Reuters Television Intern, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998).

Here, Plaintiff seeks $30,000 in statutory damages. These damages are reasonable to sanction Paperdoll's conduct and vindicate statutory policy, and they fall within the statutorily prescribed minimum and maximum. Paperdoll had actual or constructive knowledge of Plaintiff's copyright, and it copied the Subject Design anyway. The Court agrees that these damages will effectively deter Paperdoll against unjustly profiting from the work of others. Furthermore, Paperdoll's refusal to participate in this action has negated Plaintiff's ability to determine the full scope of infringement. An award on the high end of the statutory spectrum further ensures that Paperdoll will not be unjustly enriched by its conduct.

Finally, Plaintiff seeks $3,000 in attorney's fees and $765 in costs. Under 17 U.S.C. § 505, a prevailing copyright owner may recover attorney's fees. *Magnus v. Video Yesteryear*, 85 F.3d 1424, 1432 (9th Cir. 1996). Under Local Rule 55-3, when an applicable statute provides for the recovery of reasonable attorney fees, fees are to be calculated according to a fee schedule based upon the amount of the default judgment absent costs. For a judgment exceeding $10,000, Plaintiff is entitled to $1,200 plus 6% of the judgment amount over $10,000. As Plaintiff is entitled to a $30,000 judgment, Plaintiff may recover only $2,400 in attorney's fees ($1,200 plus 6% of $20,000). Plaintiff does not break down the $765 in costs incurred. Instead, Plaintiff merely claims the $765 request is based on litigation costs in connection with service of process and obtaining default judgment. This lack of specificity is fatal. Plaintiff is denied costs.

\\\
\\\
\\\
\\\
\\\
\\\
\\\

**IT IS HEREBY ORDERED** that Plaintiff's Application for Default Judgment is GRANTED.  (Dkt. 46).

**IT IS FURTHER ORDERED** that:

(a)  Plaintiff is awarded judgment in the amount of $30,000

(b)  Plaintiff is awarded an additional $2,400 in attorney's fees

(c)  Plaintiff is not entitled to costs

Dated: April 2, 2018

_____

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

5